UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02500-SVW-FFM | Date | April 27, 2015 |
|---|---|---|---|
| Title | NGB Properties LLC v. Fred D. Dorton | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER REMANDING THE CASE

Fred Dorton removed this case on April 6, 2015. The next day, the Court ordered the parties to show cause why the case should not be remanded. Having received and reviewed the parties briefs, the Court finds the matter suitable for determination without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. Local Rule 7-15. The Court therefore VACATES the hearing set for May 4, 2015, at 1:30 p.m. and, for the reasons discussed below, REMANDS the case to the Superior Court of the State of California, County of Los Angeles.[1]

There is a presumption against removal, and it is Dorton's burden to establish the existence of jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Here, Dorton premised jurisdiction on the presence of a federal question. *See* 28 U.S.C. § 1331. According to the well-pleaded complaint rule, a federal question must inhere from the plaintiff's claims for relief. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality*, 213

---

[1] The Court DENIES Dorton's request for judicial notice. (Doc. 23). The three documents Dorton sought judicial notice of, (Doc. 23, Exhs. 1-3), are irrelevant to the determination of this motion. *See, e.g.*, *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998). Although Dorton purported to seek judicial notice of two documents in this case (the notice of removal and a request filed by NGB Properties), (Doc. 23), he did not include them as exhibits and, regardless, those documents are already part of the record.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-02500-SVW-FFM | Date | April 27, 2015 |
|---|---|---|---|
| Title | NGB Properties LLC v. Fred D. Dorton | | |

JS - 6

F.3d 1108, 113 (9th Cir. 2000).[2]  This case, however, is an unlawful detainer action governed by California law, and it raises no apparent issues of federal law.  *See, e.g.*, *Matthew 01 Inv., LLC v. Bloom*, No. CV 15-15-150-SVW-PLA, 2015 U.S. Dist. LEXIS 5641, at *1-2 (C.D. Cal. Jan. 13, 2015); *Burbank Blvd. Apts. Owner LLC v. Cabessa*, No. CV 14-9902-SVW-AJW, 2015 US Dist. LEXIS 3602, at *1-2 (C.D. Cal. Jan. 9, 2015).

Instead of arguing that the complaint raises a federal question, Dorton submits that a RICO claim — either as a defense or counterclaim in this case or as a cause of action in a separate federal suit (it is unclear) — supports jurisdiction.  To the extent that Dorton contends jurisdiction lies in a defense or counterclaim, he is mistaken.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).  And to the extent he relies on a separate case, he looks outside the bounds permitted by the well-pleaded complaint rule.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").[3]  Dorton therefore failed to carry his burden of establishing subject matter jurisdiction.

---

[2] There are exceptions to the well-pleaded complaint rule — the artful pleading doctrine and complete preemption, for example — but they are not relevant to this case.

[3] The Court cannot consolidate this case with a different one — and thereby enable supplemental jurisdiction over the claims advanced here — because a case is not properly before a court unless it gives rise to subject matter jurisdiction.  *U.S. Bank Ass'n ex rel LXS 2006-16N Trust Fund v. Gonzales*, No. 2:10-cv-02736-KJM-KJN-PS, 2011 WL 1113964, at *6 n.7 (E.D. Cal. Mar. 23, 2011); *see also* Fed. R. Civ. P. 42(a) (permitting consolidation of "actions before the court"); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (observing that subject matter jurisdiction is always "the first and fundamental question").

|  | : |
|---|---|
| Initials of Preparer | PMC |